UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10065-CR-MARTINEZ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

YOSVANI REYES-SANTIESTEBAN,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about March 3, 2009, court-appointed defense counsel Rodney W. Bryson ("Counsel") submitted a voucher application numbered FLS 08 1469 with appended time sheets requesting $8,969.66 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). In support of the voucher application, Counsel submitted time sheets listing the time he spent in this matter and a Memorandum in Support of Attorneys Fees Request (the "Memorandum"). Counsel represented Defendant Yosvani Reyes-Santiesteban ("Defendant") for approximately five (5) months from his appointment on October 10, 2008 until February 27, 2009.

The $8,969.66 Counsel seeks as compensation exceeds the $7,800.00 statutory maximum allowed for representation in non-capital felony cases under the CJA.[1] United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 55]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also*

---

[1] The CJA statutory maximum in felony, non-capital cases recently increased to $7,800.00. This increase applies in this case because Counsel provided representation services on and after October 13, 2008.

United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *United States v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines.

A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Did Not Involve Complex or Extended Representation

Again, Counsel's request for compensation in the amount of $8,969.66 exceeds the $7,800.00 statutory maximum.[2]  Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, the Court must first find that the representation was either complex or extended.

In the Memorandum, Counsel urges the Court to find that this was a "difficult and complex case because of sentencing enhancements suggested by the USPO as well as the government." [Memorandum at 2].  Counsel maintains that "this was a complex case requiring extensive attention and preparation, and negotiation with the government." [Memorandum at 2].

Based upon my review of the record, the Court respectfully disagrees.  This was not a complex case.  The legal and factual issues in this case were not unusual.  The objections **[DE # 38]** filed by Counsel to the presentence investigation report were only two pages long.

---

[2] Counsel seeks $190.00 for 1.9 in-court hours at $100/hour.  Counsel also sought 84.0 hours for 84.0 out-of-court hours and $379.66 in travel expenses.  The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review.  The Court defers to the CJA administrator to verify all in-court time and expense allowances.  After verifying the in-court hours with the Court's minutes, the CJA administrator made no changes to the total amount claimed by Counsel for in-court hours.  The CJA administrator also reviewed the $8,400.00 Counsel billed for 84.0 out-of-court hours and the $379.66 in expenses requested by Counsel. The CJA administrator made no changes to either amount.

I have also considered that although the indictment in this case contained twenty counts, all of the counts were related to a single incident of alien smuggling. Further, this matter did not proceed to trial because Defendant plead guilty. Moreover, Counsel was not required to make numerous court appearances in this case.

In the Memorandum, Counsel also argues that this case involved complex representation because this case involved a significant amount of travel. Counsel explains that because this case originated in Key West, Florida, Counsel expended 14 hours "traveling to Key West for required hearings and to Marathon Key to inspect the 33' Donzi involved in the alien smuggling." [Memorandum at page 1]. Counsel suggests that the "geography" of the case - the great distance between Counsel's office in Palm Beach County and Key West - forced Counsel to incur a large amount of time traveling and therefore made this case more complex than usual.

While the Court is sympathetic to the fact that Counsel incurred a great deal of time traveling to the Florida Keys, there is no legal authority to justify classifying this case as complex or extended due to the additional travel time Counsel incurred. *See United States v. Schofield*, 2009 WL 453295, at * 1 (S.D. Fla. Feb. 23, 2009) (Martinez, J.) (rejecting CJA counsel's argument that case was "extended" under CJA because Counsel incurred 19 hours of travel time); *see also United States v. Sepulveda*, 502 F.Supp. 2d 1104 1108 (D. Montana 2007) (concluding that "[o]rdinary travel does not make a case extended" under the CJA because "travel time was factored in when Congress established the statutory maximum of $7,000.00.") Having considered all of these facts, I conclude that this matter did not require the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. Accordingly, I find that this case cannot be considered

complex.

The second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation in this case was extended - is also not met here. Defendant was indicted on September 26, 2008. Defendant made his initial appearance on October 10, 2008. Counsel was appointed on that same date. Defendant plead guilty on December 12, 2008 and was sentenced on February 24, 2009. This case lasted only five months. This case did not require more time for processing than the average case and, as a result, this case cannot properly be considered extended.

## CONCLUSION

I have reviewed all of the entries listed on the time sheets and the total time claimed by Counsel for each of the task categories. Based upon my review of the time sheets submitted by Counsel, the docket and filings in this case, I conclude that Counsel is entitled to the statutory maximum of $7,800.00 established under the CJA. As I explained above, however, because the representation in this case was neither complex nor extended, Counsel is not entitled to reimbursement in excess of the statutory maximum. Consequently, I will not undertake a detailed discussion and analysis of each task listed in Counsel's fee voucher at this time.

I commend Mr. Bryson for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I have often quoted, when deemed appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). Accordingly, I hereby **RECOMMEND** that Counsel be paid a total of $8,179.66 ($7,800.00

for both in-court and out-of-court hours, $379.66 for travel expenses) as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 21st day of May, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Rodney W. Bryson, Esq.
Lucy Lara, CJA administrator